United States District Court
Middle District of Florida
Jacksonville Division

**VICTOR EDWARD POWELL,**

    *Plaintiff,*

v.                                                                               No. 3:18-CV-785-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Earlier in the case, the Court reversed the Commissioner of Social Security's denial of Victor Powell's application for disability benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 21, 22. He now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of $12,150 in attorney's fees and $400 in costs. Doc. 23. The Commissioner does not oppose an award of fees but opposes the amount requested, contending the number of hours worked is unreasonable. Doc. 24.

In June 2018, Powell, represented by Erik Berger, Esquire, filed the complaint. Doc. 1. Berger had also represented Powell during the administrative proceedings, including at a hearing before an administrative law judge ("ALJ"). Tr. 30, 125–26. The Commissioner filed an answer, Doc. 10, and a copy of the administrative record, which is almost 5300 pages, Docs. 12–12-54, Docs. 13–13-53. Much of the administrative record consists of medical records from the Department of Veterans Affairs, some dating as far back as 1989. Tr. 333–787, 1189–1800, 1836–3343. (Powell alleged he had become disabled on August 26, 2016. Tr. 33.) Powell filed a brief in opposition to the Commissioner's decision, raising three arguments: (1) the ALJ's finding that Powell had no mental limitations was not supported by substantial evidence, (2) the ALJ erred in his consideration of treating source opinions, and (3)

the ALJ erred in his treatment of Powell's testimony. Doc. 19. The Commissioner moved to remand the case for an ALJ to evaluate Powell's residual functional capacity, evaluate all medical opinions and state the weight given to each opinion and the reason for that weight, and, if warranted, obtain evidence from a vocational expert. Doc. 20. The Court granted the motion to remand. Doc. 21. Powell filed the current motion, and the Commissioner responded. Docs. 23, 24.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested them, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must allege that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner must show it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Powell prevailed because the Court ordered a sentence-four remand. Docs. 21, 22.

Powell's June 3, 2019, request, Doc. 23, was timely because he made it within thirty days of when the Court's March 6, 2019, judgment, Doc. 22, became final. Powell represents that he "is not excluded from eligibility for an award under EAJA by any of the exclusions set forth in the Act," Doc. 23 at 2, which the Court accepts as a representation that his net worth did not exceed $2 million when he filed this case. Powell's motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 23 at 1, 5–6, and the Commissioner has not attempted to satisfy his burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Powell is eligible to receive an EAJA award, and the only remaining issue is whether the requested amounts are reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Costs for items in 28 U.S.C. § 1920, which include clerk fees, are allowed. 28 U.S.C. §§ 2412(a) & 1920(1). An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at

1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost of living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" about reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson,* 863 F.2d 759, 779–80 (11th Cir. 1988).

Berger provides no affidavit on his experience or customary rate, but it is known in the legal community and reflected in his many appearances in social-security cases here he specializes in social-security work and has done so for many years. Records of The Florida Bar indicate Berger has been a member since 1997. *See* "Find a Lawyer" on www.floridabar.org.

Powell submits an "Itemization of Time" from Berger's firm. Doc. 23 at 8–9. Berger spent 75.1 hours on the case: 69.6 between April and December 2018, and 5.5 between January and March 2019.[1] Doc. 23 at 8–9. He states that, "[i]n an excess of caution, [he] reduces the number of hours claimed ... to 60 hours of services rendered." Doc. 23 at 3. The statement shows the tasks Berger performed and the time he took to perform them. Tasks included reviewing the Appeals Council's decision, preparing the complaint, and corresponding with Powell. Doc. 23 at 8–9. Most time was spent reviewing the file to identify issues (42.7 hours) and preparing the brief (27.7 hours). Doc. 23 at 8.

Powell's $12,150 request is based on the total time (60 hours) multiplied by $202.50. Doc. 23 at 2–3. The $202.50 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the CPI index in June 2018 (when Powell filed the complaint). Doc. 23 at 2.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the Court finds the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to when Berger performed his work. But the rate Powell proposes ($202.50) is slightly high. Using the inflation calculator from the Bureau of Labor Statistics, the rate for June 2018 is

---

[1] The first entry on the itemization is "Receipt and review of the Appeals Council's decision …," on April 24, 2017. Doc. 23 at 8. This appears to be an error (assuming it should have been 2018), given that the ALJ did not issue a decision until March 7, 2018, Tr. 7; the Appeals Council's notice is dated April 25, 2018, Tr. 1; and Powell filed the action in June 2018, Doc. 1. Another entry is also mistakenly dated "12.28.*19*" instead of "12.28.*18*." See Doc. 23 at 8 (emphasis added).

5

$202.30. *See* U.S. Dept. of Labor, Bureau of Labor Stats., CPI Inflation Calculator https://www.bls.gov/data/inflation_calculator.htm (last visited October 9, 2019). That rate ($202.30) is also appropriate using the calculation Powell uses (instead of the calculator), Doc. 23 at 2–3, but using the full number provided by the Bureau for June 2018 (251.989) instead of rounding that number to 252 to calculate the increase (which results in Berger's proposed $202.50). The Court will use the $202.30 rate.[2]

On the reasonableness of the hours, (reduced from 75.1 to 60), Powell explains his attorney "has made every effort to eliminate duplicative and/or unnecessary timesheet items and has exercised billing discretion."[3] Doc. 23 at 6. He acknowledges the requested amount exceeds the usual range of awards for social-security cases (describing the usual range of work as between 20 and 40 hours) but contends the amount is reasonable here. Doc. 23 at 6. He explains, "[T]he process of gaining familiarity with a relatively complex combination of medical conditions, ruling in and ruling out possible issues for presentation to this Court, and presenting legal arguments Plaintiff raised in this matter is reasonable given, particularly, the massive size of the administrative record in this case (almost 5300 pages). And, (if [Berger] may say so) the briefing was obviously effective in the sense that it convinced the agency that remand was necessary." Doc. 23 at 7.

---

[2]Because Powell seeks only one rate for all work, the Court will not apply the higher rate Powell could have sought for work performed in 2019. (The March 2019 rate is $204.08.) Using one rate also makes sense given that Berger reduced his total hours, and the hours could be reduced from any time (i.e. resulting in no time worked in 2019 or less time worked in 2018).

[3]Powell states, "Plaintiff does not know whether Defendant intends to object to any portion of this motion … so he will proactively and generally address the most likely issues, if any, which are: that the Agency's decision is 'substantially justified,' and/or that the fee requested is not reasonable. Plaintiff … respectfully requests leave to file a reply brief should Defendant's objections, if any, raise any new issue not addressed herein." Doc. 23 at 4–5. He later requests "leave to file a brief reply in the event that Defendant raises a particular objection with respect to any issue raised herein." Doc. 23 at 7. The Court finds no reply necessary.

The Commissioner responds the case was not "uniquely complex" and did not present novel issues despite the lengthy administrative record. Doc. 24 at 2. The Commissioner contends review of the file and preparation of the brief should not have taken more than 60 hours and the hours should be further reduced by ten (for a total of 50 hours). Doc. 24 at 2.

None of the work appears clerical or secretarial, and the Commissioner does not contend otherwise. The only question is whether the number of hours—already reduced from 75.1 to 60 by Powell—is unreasonably high. The hours are more than double of what the Court typically reviews. The Commissioner is correct that, despite a lengthy administrative record, the issues (as presented in Powell's brief, Doc. 19) involve standard issues in social-security cases challenging the severity of impairments, the treatment of medical opinions, and Powell's testimony. And Berger is an experienced social-security attorney who already had possessed familiarity with the issues from his representation of Powell during the administrative proceedings. While the record is large, older records—including paperwork from almost thirty years ago—did not require careful scrutiny in light of the recent alleged onset date.

A reduction of 10 hours is warranted. Deducting 15.1 by Powell and 10 from just the time spent reviewing the file leaves 17.6 hours (more than 2 full days) to review the file and 27.7 hours (more than 3 full days) to draft the brief. *See* Doc. 23 at 8 (entries from "10.02.18" to "01.02.19"). More than that for counsel well experienced in the area, with the issues, and with the client, would be unreasonable.

Using the number of hours (50) and requested rate ($202.30), attorney's fees of $10,115 are reasonable.

The requested $400 for costs, Doc. 23 at 4, is also reasonable because that is the amount Powell paid to file the case. *See* Clerk's entry accompanying Doc. 1; *see also Fees*, Middle District of Florida, https://www.flmd.uscourts.gov/fees-table (last visited October 21, 2019).

7

Because Powell is eligible and the attorney's fees and costs allowed here are reasonable, the Court grants the motion for EAJA fees, Doc. 23, in part; awards him $10,115 in attorney's fees and $400 in costs; and directs the Clerk of Court to enter judgment for Victor Powell and against the Commissioner in the amount of $10,115 in attorney's fees and $400 in costs. The Court leaves to the Commissioner's discretion whether to accept Powell's assignment of EAJA fees to Berger after determining if he owes a federal debt. *See* Doc. 23 at 4, Doc. 23-1.

**Ordered** in Jacksonville, Florida, on October 21, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record